# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **GLEN DALE NELSON** | **CIVIL ACTION NO. 09-0623** |
| **VS.** | **SECTION P** |
| **GEARY S. AYCOCK, ET AL.** | **CHIEF JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Glen Dale Nelson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 14, 2009. Petitioner is a detainee in the Ouachita Parish Corrections Center, Monroe, Louisiana. He is awaiting trial on unspecified charges pending under Docket Number F53081 in Louisiana's Fourth Judicial District Court. He accuses the defendants – Ouachita Parish Assistant District Attorney Geary S. Aycock, and Officers Holmes and Willis of the Monroe Police Department – of bribing or threatening witnesses. He sues Ouachita Parish District Attorney under a theory of *respondeat superior* claiming that he is liable for the acts of his subordinate. He prays for a declaratory judgment, for a preliminary injunction ordering the recusal of the Ouachita Parish District Attorney, for compensatory and punitive damages, and for the dismissal of the charges pending against him in the Fourth Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief might be granted, and for seeking monetary damages against a defendant immune from such

relief.[1]

*Background*

The complaint and amended complaint establish the following facts:

1. Plaintiff was arrested sometime in December 2007.

2. On some unspecified date an individual named Stacy Norman testified favorably about plaintiff before the Ouachita Parish Grand Jury.

3. On December 8, 2008, Ms. Norman testified before Judge Carl Sharp in a proceeding in the Fourth Judicial District Court. At this hearing, Ms. Norman testified that on December 3, 2008, Officers Holmes and Willis of the Monroe Police Department interrogated her and threatened her by stating, "... if she ... did not change her statement that she most recently made to the grand jury, that [Holmes and Willis] would see to it that Stacy Norman would lose her children to the Department of Social Services..."

4. On December 8, 2008, during the course of the proceeding before Judge Sharp, Assistant District Attorney Geary Aycock – a subordinate of Ouachita Parish District Attorney Jerry Jones – approached Stacy Norman and Yolanda Norman while they were seated together in the hallway of the Ouachita Parish Courthouse. According to her testimony at this hearing, Aycock advised Ms. Norman that "... she needed to change the statement she made also before the Grand Jury against the plaintiff Glen Nelson and if she would change her statement to be against Glen D. Nelson, then defendant Geary Aycock told her he would help her boyfriend who was also facing criminal charges in Ouachita parish..."

5. Plaintiff remains in custody awaiting trial.

---

[1] While the complaint was being reviewed pursuant to 28 U.S.C. §1915, the defendants Jones and Aycock filed a motion to dismiss. [rec. doc. 7] The complaint has not been served and therefore the defendant's motion is premature.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65.

Plaintiff has filed a complaint and an amended complaint. These complaints allege the facts identified above. The remainder of the allegations are purely speculative and conclusory. However, the facts outlined above are sufficient to conduct and conclude a preliminary screening pursuant to §1915. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his §1983 complaint should be dismissed pursuant to 28 U.S.C. §1915.

## 2. Habeas Corpus Claim

In his amended complaint, plaintiff prayed for dismissal of the charges pending against him in the Fourth Judicial District Court under Docket Number F53081. Dismissal of the pending charges would result in petitioner's release from custody. Since plaintiff seeks, in addition to monetary damages, his immediate release from custody, that aspect of his complaint must be construed as an application for writ of *habeas corpus*. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) quoting, *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.1979) ("The rule in

this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under Section 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.")

Thus, with respect to this aspect of his claims, petitioner is a pre-trial detainee who is challenging his continued custody as he awaits trial on charges in a Louisiana state court. To the extent that he seeks dismissal of those charges, that aspect of his petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial

abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of the *habeas corpus* claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Before he may seek federal *habeas* relief, petitioner must present his federal constitutional claims to the Louisiana Supreme Court in a procedurally appropriate manner. To the extent that he seeks federal *habeas corpus* relief, his petition must be dismissed absent proof on petitioner's part that he fairly presented his federal constitutional claims to the Fourth Judicial District Court, the Second Circuit Court of Appeals, and the Louisiana Supreme Court.

### 3. *Recusal of the District Attorney's Office*

Plaintiff also prayed that the District Attorneys be "disqualified from further office." It is

unclear, but it appears that plaintiff seeks the recusal of the District Attorney, however, a federal court has no power to direct a state court or its judicial officers in the performance of their duties. *In re Campbell*, 264 F.3d 730, 731 (7th Cir.2001); *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir.1997); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir.1973). To the extent that plaintiff seeks such relief, he fails to state a claim for which relief may be granted.

*4. Claims Against District Attorney Jones*

Plaintiff sued District Attorney Jones and alleged that he was named as a defendant "... because [he] ... is liable under the theory of '*respondeat superior*' for the actions or inactions of his employees..." Plaintiff makes no claim that the District Attorney was personally involved in the incidents on which plaintiff's claims are based. Simply stated, "[t]here is no *respondeat superior* liability under section 1983." *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir.1996). Mr. Jones cannot be held liable under Section 1983 pursuant to plaintiff's theory of *respondeat superior* simply because the person allegedly responsible for plaintiff's injury, if any, was in his employ or under his supervision. *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir.1992); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir.1979); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir.1983). Plaintiff's claim against Mr. Jones is frivolous.

*5. Prosecutorial Immunity – Assistant District Attorney Aycock*

Plaintiff claims that he is entitled to damages from Assistant District Attorney Aycock. That claim is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997);

7

*Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against Assistant District Attorney Aycock is based on his conduct as the state's advocate and he is therefore entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial); *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003) (Prosecutor who allegedly told witness to falsely implicate plaintiff in a homicide and coached him how to testify was acting as an advocate and not an investigator and therefore was entitled to absolute prosecutorial immunity.) Plaintiff's complaint against Mr. Aycock must be dismissed.

### 6. Failure to State a Claim

Plaintiff invokes the jurisdiction of this court and seeks redress pursuant to 42 U.S.C. § 1983.[2] That statute creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir.2002), *cert. denied*, 539 U.S. 914, 123 S.Ct. 2274, 156 L.Ed.2d 130 (2003).

The jurisdiction of a federal court may be invoked when a plaintiff has suffered some threatened or actual injury as a result of an allegedly unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45

---

[2] 42 U.S.C. §1983 provides "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state ... subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured ...."

8

L.Ed.2d 343 (1975).

Therefore, in order to have "standing"[3] to bring a claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Plaintiff claims a variety and multitude of Constitutional violations "... under the 1st, 3rd, 5th, 6th, 8th, 13th, 14th, 16th amendments..." He also alleged that he has sustained "serious constitutional and statutor[y] injury..." However, the FACTS as alleged do not support those conclusory claims and indeed, the facts, as outlined above, do not establish that plaintiff suffered any injury as a result of the complained of acts of the defendants.

As noted above, read liberally, and in the light most favorable to the plaintiff, he claims that Ms. Norman testified before Judge Carl Sharp in a proceeding in the Fourth Judicial District Court. She testified that on December 3, 2008, Officers Holmes and Willis of the Monroe Police Department interrogated her and threatened her by stating, "... if she ... did not change her statement that she most recently made to the grand jury, that [Holmes and Willis] would see to it that Stacy Norman would lose her children to the Department of Social Services..."

Assuming, for the purposes of this Report, that the threat was made, it is abundantly clear that the threat had no effect on Ms. Norman, because, instead of returning to the Grand Jury and recanting her previous testimony, she advised Judge Sharp, under oath, that she had been threatened.

Likewise, plaintiff asserts that Assistant District Attorney Aycock approached Stacy Norman and Yolanda Norman and advised Ms. Norman that "... she needed to change the

---

[3] "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (*en banc*), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992)."

9

statement she made also before the Grand Jury against the plaintiff ... and if she would change her statement to be against Glen D. Nelson, then defendant Geary Aycock told her he would help her boyfriend who was also facing criminal charges in Ouachita parish..." Again, however, it is clear that Ms. Norman was unmoved by the alleged "bribe" because instead of returning to the Grand Jury to recant her previous testimony, she advised Judge Sharp of the conversation.

In short, the FACTS alleged by plaintiff establish that a witness or witnesses testified on his behalf before the Grand Jury; threats were made and bribes were offered in an attempt to have them recant that testimony; but the witness or witnesses were unmoved by the threats and bribe and reported the activity to the District Court. Plaintiff sustained no injury as a result of this activity and therefore he lacks standing to sue under §1983. His complaint should be dismissed as frivolous.

## 7. *False Arrest, False Imprisonment and Heck v. Humphrey*

Finally, in the original complaint plaintiff implied that he was falsely arrested and that he was being falsely imprisoned. Plaintiff has offered no facts in support of his false arrest and false imprisonment claims. Nevertheless, it is clear that he is not entitled to relief. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*,
> 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

In essence, *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. While other circuits have applied *Heck* to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges [see *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1998), *cert. denied*, 523 U.S. 1073, 118 S.Ct. 1515, 140 L.Ed.2d 668 (1998); *Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir.2001); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir.1999); *Covington v. City of New York*, 171 F.3d 117, 124-25 (2d Cir.1999); *Uboh v. Reno*, 141 F.3d 1000, 1006-07 (11th Cir.1998); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999); *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000)], the Fifth Circuit has opted for a more cautious approach.

In *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995) the court was confronted with a civil rights complaint alleging an illegal arrest. Based upon the pleadings before the court, the Fifth Circuit concluded that at the time he filed his civil rights complaint, Mackey was still awaiting trial on the complained of charges. The matter came before the Fifth Circuit on the plaintiff's appeal of the district court's *sua sponte* dismissal of his civil rights claims based upon *Heck*. The Fifth Circuit noted, the "... district court held that, to the extent Mackey sought tort damages in his section 1983 action, his claim was not actionable unless and until the validity of his conviction is called into question and therefore dismissed his claim." *Id.* Thereafter, the court concluded,

> The record <u>does not clearly reflect</u> that a successful attack on Mackey's arrests will implicate the validity of his confinement. It <u>is not clear</u> whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would

11

> not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried
> and convicted and in his contested criminal case no evidence is presented
> resulting directly or indirectly from any of his arrests, it is difficult to see how any
> illegality in any of his arrests could be inconsistent with his conviction. On the
> other hand, if he is convicted and evidence is presented by the prosecution at his
> criminal trial which is a direct or indirect product of one or more of his arrests,
> then his section 1983 damage claims challenging the validity of his arrests would
> appear to undermine the validity of his conviction and hence be barred by *Heck*...
> At this point <u>it is simply premature to determine whether or not Mackey's damage
> claims are barred under *Heck*</u>. Accordingly, the district court erred in dismissing
> the claims on the basis of *Heck*. The court may – indeed should – stay proceedings
> in the section 1983 case until the pending criminal case has run its course, as until
> that time it may be <u>difficult to determine</u> the relation, if any, between the two.

*Id.* at 746. (emphasis supplied)

Thus, it is clear that the *Heck* analysis does in fact apply to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges. The Fifth Circuit's cautious approach, that is, the use of a stay as opposed to a dismissal, has been deemed appropriate in those instances where there exists uncertainty as to whether a victory in the civil rights suit would impact the pending criminal prosecution. Nevertheless, dismissal of the civil rights suit is an appropriate response when it is clear beyond any doubt that the plaintiff's victory in his civil rights claim would necessarily implicate the validity of the pending criminal charges and of the civil rights plaintiff's arrest, prosecution and continued incarceration.

In the instant case, the plaintiff implies that he is actually innocent of the charge that is pending against him. He seeks monetary damages and declaratory relief for having been falsely arrested and imprisoned. As shown above, he seeks dismissal of the pending charges.

Under such circumstances, it is absolutely clear that his success in this suit would necessarily implicate the validity of the arrest, incarceration, and prosecution on the pending charges since a ruling by this court in petitioner's favor would call into question the legitimacy of

12

the prosecution and would necessitate plaintiff's release from custody, relief, which is, as shown above, unavailable through a civil rights proceeding. In short, the false arrest and imprisonment claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## 8. Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint, insofar as it seeks dismissal of the pending State charges and plaintiff's release from custody be construed as a petition for habeas corpus and that such claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available State court remedies;

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint, be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against defendants who are immune from such relief pursuant to the provisions of 28 U.S.C.§ 1915(e)(2); and,

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint, insofar as it alleges false arrest and imprisonment be **DISMISSED WITH PREJUDICE** (to their being asserted again until the *Heck v. Humphrey* conditions are met) as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.§ 1915(e)(2);

**FURTHER, THE PENDING MOTION TO DISMISS [REC. DOC. 7] is DENIED** as premature.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 11th day of July, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE